UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | **12-10744-RGK (FFMx)** | Date | March 20, 2013 |
|---|---|---|---|
| Title | **Michele Morrow, et al. v. Vivian Krupnick, et al.** | | |

| Present: The Honorable | R. GARY KLAUSNER, U.S. DISTRICT JUDGE | | |
|---|---|---|---|
| Sharon L. Williams (Not Present) | Not Reported | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys Present for Plaintiffs:     Attorneys Present for Defendants:

Not Present     Not Present

**Proceedings:**     **(IN CHAMBERS) Order Re: Defendant's Motion to Dismiss Plaintiffs' Fifth Claim (DE 10)**

## I. INTRODUCTION

On December 17, 2012, Michele Morrow ("Morrow") and Michael Weitzman (collectively, "Plaintiffs") filed a Complaint against their landlord, Vivian Krupnick ("Defendant"), alleging claims arising out of Plaintiffs' tenancy in Defendant's apartment building. Plaintiffs allege the following five claims: (1) Violation of the Lead Based Paint Hazard Reduction Act (42 U.S.C. § 4852(d)); (2) Breach of Implied Warranty of Habitability; (3) Retaliation against Plaintiffs for Exercise of Legal Rights (Civil Code § 1942.5); (4) Negligent Maintenance of the Premises and/or Strict Liability; and (5) Assault and Battery via the doctrine of Respondeat Superior.

Presently before the Court is Defendant's Motion to Dismiss Plaintiffs' Fifth Claim for Assault and Battery under Federal Rule of Civil Procedure 12(b)(6) ("Rule 12(b)(6)").

For the following reasons, the Court **GRANTS** Defendant's Motion to Dismiss.

## II. FACTUAL BACKGROUND

Plaintiffs allege the following facts:

On April 10, 2010, Plaintiffs entered into a lease with Defendant for an apartment on 1645 Corinth Avenue, Suite 104, in Los Angeles, California. On June 23, 2012, the water line to Plaintiffs' toilet burst and water spilled into Plaintiffs' apartment. Defendant requested Plaintiffs find alternate housing while Defendant arranged for repairs. On July 1, 2012, Plaintiffs rented a room at a hotel. Despite Plaintiffs' requests, Defendant did not compensate Plaintiffs for their alternate housing.

Defendant was cited by housing and air quality agencies regarding the habitability of Plaintiffs'

apartment and the means by which Defendant was executing repairs. On August 6, 2012, the Los Angeles Public Health Department ("Health Department") issued an Order to Stop Unsafe Work at the Rental Property to Defendant due to Defendant's failure to comply with various safety measures.

On August 9, 2012, employees from Alliance Environmental Group, Inc. ("Alliance"), hired by Defendant, entered Plaintiffs' apartment to perform some repair work in violation of the Health Department's Order to Stop Unsafe Work. Both Plaintiffs and Defendant were present in the apartment at this time. As Plaintiff Morrow used her iPad to record Alliance's illegal work, an Alliance employee attempted to grab Morrow's iPad to stop her from recording. In the process of doing so, the Alliance employee touched Morrow's hands, arms, shoulder, and back without her consent. Defendant did nothing to intervene or interfere with the employee's actions.

In their fifth claim, Plaintiffs allege that Defendant is liable under the doctrine of respondeat superior for the assault and battery of Morrow by the Alliance employee. Plaintiffs contend the Alliance employee was an agent of Defendant's acting withing the scope of his employment. In the present Motion, Defendant seeks to dismiss this claim.

### III.     JUDICIAL STANDARD

A party may move to dismiss for failure to state a claim upon which relief may be granted under Federal Rule of Civil Procedure 12(b)(6). In deciding a Rule 12(b)(6) motion, the court must assume allegations in the challenged complaint are true, and construe the complaint in the light most favorable to the non-moving party. *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 337-38 (9th Cir. 1996). The court shall not consider facts outside the complaint. *Arpin v. Santa Clara Valley Transp. Agency*, 261 F.3d 912, 925 (9th Cir. 2001). The court may not dismiss "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Russell v. Landrieu*, 621 F.2d 1037, 1039 (9th Cir. 1980). However, a court need not accept as true unreasonable inferences, unwarranted deductions of fact, or conclusory legal allegations cast in the form of factual allegations. *W. Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981). Dismissal is appropriate only where the complaint lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory. *Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1104 (9th Cir. 2008).

### IV.     DISCUSSION

Defendant argues that the Court should dismiss Plaintiffs' fifth claim for assault and battery because Plaintiffs have failed to allege sufficient facts to suggest Defendant is liable for the acts of Alliance's employee under the doctrine of respondeat superior. The Court agrees.

Under the doctrine of respondeat superior, one who hires an agent is liable for the torts of his or her agents committed while they are acting within the scope of their employment. Cal. Civ. Code § 2338. Generally, employers are not liable for the torts of independent contractors. *See Malloy v. Fong*, 37 Cal. 2d 356, 370 (1951). However, employers are liable for the acts of an independent contractor if the employer had control over the independent contractor as to the work done and the means in which the work was performed. *S. G. Borello, Inc. v. Dept. of Industrial Relations*, 48 Cal. 3d 341, 349-52 (1989); *McCarty v. State of California Dept. of Transp.*, 164 Cal. App. 4th 955, 974-75 (2008).

Here, Alliance and its employees are independent entities from Defendant and are in a separate line of business. Defendant hired Alliance, a licensed contractor, for the specific purpose of performing repair work on Plaintiffs' apartment, but Defendant had no actual control over the work itself or how the work was done. Plaintiffs contend that Defendant's failure to intervene during the alleged assault and battery demonstrated that Defendant had control over Alliance and its employees. However, this allegation is insufficient to establish that Defendant controlled Alliance or its employees. Thus,

Plaintiffs have alleged insufficient facts to find Defendant liable for the acts of the Alliance employee under the doctrine of respondeat superior.

## V. <u>CONCLUSION</u>

In light of the foregoing, the Court **GRANTS** Defendant's Motion to Dismiss Plaintiffs' Fifth Claim for Assault and Battery. To the extent Plaintiffs seek leave to amend, they must do so through a regularly noticed motion.

**IT IS SO ORDERED.**

<u>          </u> : <u>        </u>
Initials of Preparer
<u>          </u>